■ In the Matter of the Arbitration between WARNER-CHAPPELL MUSIC, INC., Appellant, and ABERBACH DE MEXICO, S.A., et al., Respondents. [638 NYS2d 35] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about March 28, 1995, which denied a petition to confirm an arbitration award, and granted the cross-motion to dismiss the petition, unanimously reversed, on the law and on the facts, and the petition is granted, with costs.

Pursuant to a clause in their music subpublishing agreement, the parties submitted certain disputes to arbitration, and on August 31, 1993, the panel issued its decision. Forty-five days later, by letter dated October 15, 1993, the petitioner requested clarification of the award, urging reconsideration because the arbitrators did not rule on all of the issues raised in the demand. The arbitrators considered the merits of the request, and by decision dated November 10, 1993, determined that they would rest on their earlier decision as being sufficiently clear. On October 25, 1994, the petitioner moved to confirm the arbitration award. The motion was denied because it was not made within one year of August 31, 1993.

We reverse, and grant the motion to confirm the award. The statute of limitations for confirming an arbitration award is designed to provide a time limit for challenging the final reso-

lution of arbitration, reached here when the panel concluded, on November 10, 1993, that its earlier order was sufficiently clear (*see, Matter of Hoffman Print. v Graphic Communications*, 912 F2d 608; *see also, Matter of Belli [Bender & Co.]*, 24 AD2d 72). During the period between August 31, 1993, and November 10, 1993, while the arbitrators entertained the merits of petitioner's request to clarify the arbitration award, the statute of limitations was tolled. The statute should not be read to charge this time against the petitioner. Such an interpretation would impose the irrational requirement that a petitioner seek to confirm the arbitrators' decision before a final award has been rendered.

We have considered and rejected the additional claims raised by the appellant. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.