■ ROBERT FELDSTEIN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [867 NYS2d 464]—

In an action to recover damages for wrongful termination of employment, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated September 10, 2007, which, inter alia, granted the defendants' cross motion to dismiss the complaint for failure to appear pursuant to 22 NYCRR 202.27.

Ordered that the order is affirmed, without costs or disbursements.

This action to recover damages for wrongful termination of employment was commenced in 1990. The court marked the action off a pre-note of issue calendar in 1993 when the plaintiff failed to appear for a court conference. It was restored one year later at the request of the plaintiff. The plaintiff did not take any further action in the case and failed to appear for the next conference. On February 19, 1997, after the plaintiff failed to appear for another conference, the court marked this case "Purged No activity, Pre Note." The plaintiff failed to take any other action for 10 years until February 2007 when he moved to restore the action to active status. The defendants cross-moved to dismiss the complaint for failure to appear at these conferences pursuant to 22 NYCRR 202.27.

To avoid dismissal pursuant to 22 NYCRR 202.27 for failing to appear at the conferences, the plaintiff was required to demonstrate both a reasonable excuse for failing to appear, and the existence of a meritorious cause of action (*see Lopez v Imperial Delivery Serv.,* 282 AD2d 190 [2001]). The excuses proffered by the plaintiff for his failure to appear at the conferences, contained within his self-serving affidavit, did not demonstrate a reasonable excuse. Accordingly, the Supreme Court properly granted the defendants' cross motion to dismiss the complaint for failure to appear pursuant to 22 NYCRR 202.27.

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.