In the Matter of MOSHE NAHUM et al., Respondents, v ELIEZER MANSOUR, Appellant. [970 NYS2d 570]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Eliezer Mansour appeals from an order of the Supreme Court, Kings County (Sweeney, J.), dated October 3, 2012, which granted the petitioners' motion to vacate a prior order of the same court dated January 18, 2012, which, upon their failure to appear at a scheduled court conference, denied their petition to confirm the arbitration award.

Ordered that the order dated October 3, 2012, is reversed, on the law, with costs, and the petitioners' motion to vacate the order dated January 18, 2012, is denied.

Eliezer Mansour (hereinafter the appellant) contracted with the petitioners for renovation work on his property. Thereafter, disputes arose between the parties regarding, inter alia, the quality of the work that had been performed. In an agreement dated February 21, 2010, the parties agreed to submit their disputes to arbitration by a rabbinical court. On June 15, 2010, the rabbinical court decided in favor of the petitioners, and awarded them the sum of $77,800, to be paid by the appellant in installments. The appellant allegedly failed to tender any payment, and approximately 13 months later, in July 2011, the petitioners commenced this proceeding in the Supreme Court to confirm the award. The appellant opposed the petition, assert-

ing that the proceeding was time-barred because it had not been commenced within one year after the award had been issued.

After a number of adjournments, the matter was scheduled for a conference on January 18, 2012; however, the petitioners failed to appear. On the same date, the court issued an order which stated: "motion to confirm arbitration award is denied; no appearance by movant on the calendar call." In April 2012, the petitioners moved to vacate the January 18, 2012, order, asserting that there was a reasonable excuse for their nonappearance on that date. In the order appealed from, dated October 3, 2012, the Supreme Court granted the petitioners' motion to vacate the prior order.

To vacate their default in appearing at the scheduled court conference, the petitioners were required to demonstrate both a reasonable excuse for the failure to appear and a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *McClaren v Bell Atl.*, 30 AD3d 569 [2006]; *Rubenbauer v Mekelburg*, 22 AD3d 826 [2005]; *see also Pimento v Rojas*, 94 AD3d 844 [2012]; *Abdul v Hirschfield*, 71 AD3d 707 [2010]). Here, the Supreme Court providently exercised its discretion in determining that the petitioners' "law office failure" explanation for their nonappearance constituted a reasonable excuse (*see* CPLR 2005; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760 [2006]; *Ruppell v Hair Plus Beauty*, 288 AD2d 205 [2001]; *J. Donovan Assoc. v Jacoby & Meyers Law Offs.*, 256 AD2d 553 [1998]).

However, the appellant correctly argues that the proceeding to confirm the arbitration award was untimely since it was commenced more than one year after the petitioners had been notified of the award (*see* CPLR 7510; *Elliot v Green Bus Lines*, 58 NY2d 76, 78 [1983]; *Matter of Salamon v Friedman*, 11 AD3d 700, 700 [2004]; *see also Matter of Sassower v Greenspan, Kanarek, Jaffe & Funk*, 121 AD2d 549 [1986]; *cf. Matter of Warner-Chappell Music [Aberbach de Mexico]*, 224 AD2d 301 [1996]). Under such circumstances, the petitioners failed to meet their burden of demonstrating a potentially meritorious cause of action (*see Faga v Harrison Cent. School Dist.*, 40 AD3d 690 [2007]; *East Is. Assn. v Carbone*, 150 AD2d 422, 423 [1989]). Accordingly, the Supreme Court should have denied the motion (*see Brownfield v Ferris*, 49 AD3d 790 [2008]). Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.