■ GMAC MORTGAGE, LLC, Formerly Known as GMAC MORTGAGE CORPORATION, Appellant, v MICHAEL J. GUCCIONE, Respondent, et al., Defendants. [9 NYS3d 83]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated March 6, 2013, which, upon its failure to appear at a conference on September 19, 2011, directed the dismissal of the complaint with prejudice, (2) an order of the same court, also dated March 6, 2013, which denied the plaintiff's motion, in effect, to vacate its default, and (3) so much of an order of the same court dated August 27, 2013, as denied that branch of its motion which was pursuant to CPLR 2221 to modify the first order dated March 6, 2013, so as to reflect that the dismissal was without prejudice.

Ordered that the appeal from the first order dated March 6, 2013, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511); and it is further,

Ordered that the second order dated March 6, 2013, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated August 27, 2013, is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was pursuant to CPLR 2221 to modify the first order dated March 6, 2013, so as to reflect that the dismissal was without prejudice is granted, and the first order dated March 6, 2013, is modified accordingly.

On September 19, 2011, the Supreme Court, on the record, directed the dismissal of the complaint in this mortgage foreclosure action with prejudice, based upon both the plaintiff's failure to appear at a court conference scheduled for that day and the plaintiff's repeated failure to appear at prior court conferences (*see* 22 NYCRR 202.27 [b]; *Hanscom v Goldman*, 109 AD3d 964, 964-965 [2013]; *Wahid v Pour*, 89 AD3d 1015, 1015 [2011]; *Feldstein v New York State Dept. of Correctional Servs.*, 55 AD3d 663, 663 [2008]; *cf. Bank of N.Y. v Castillo*, 120 AD3d 598, 599 [2014]; *Feders v Lamprecht*, 43 AD3d 276, 277 [2007]). In an order dated March 6, 2013, the court denied the plaintiff's motion, in effect, to vacate its default. In a separate order of the same date, the court directed the dismissal of the complaint with prejudice, upon the plaintiff's failure to appear at the conference on September 19, 2011 (hereinafter the 2013 dismissal order). The plaintiff thereafter moved, inter alia, pursuant to CPLR 2221 (a) to modify the 2013 dismissal order so as to reflect that the dismissal was without prejudice. In an order dated August 27, 2013, the court denied that branch of the plaintiff's motion, noting that the plaintiff failed to appear for

at least three court-ordered conferences after the court had previously imposed sanctions for nonappearance, had previously directed the dismissal of the complaint because of the plaintiff's counsel's nonappearance, and had subsequently vacated that prior dismissal.

In seeking to vacate a default in appearing, a plaintiff must establish both a reasonable excuse for its default and a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Matter of Nahum v Mansour*, 109 AD3d 548, 549 [2013]; *Feldstein v New York State Dept. of Correctional Servs.*, 55 AD3d at 663; *Gazetten Contr., Inc. v HCO, Inc.*, 45 AD3d 530, 530 [2007]). "Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (*Walker v Mohammed*, 90 AD3d 1034, 1034 [2011]). Where a party asserts law office failure, it must provide "a detailed and credible explanation of the default" (*People's United Bank v Latini Tuxedo Mgt., LLC*, 95 AD3d 1285, 1286 [2012] [internal quotation marks omitted]; *Kohn v Kohn*, 86 AD3d 630, 630 [2011] [internal quotation marks omitted]).

Law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect (*see Glukhman v Bay 49th St. Condominium, LLC*, 100 AD3d 594, 595 [2012]; *Gutman v A to Z Holding Corp.*, 91 AD3d 718, 719 [2012]; *Chery v Anthony*, 156 AD2d 414, 417 [1989]). Here, based upon the repeated failure of the plaintiff's counsel to appear at court conferences, the Supreme Court providently exercised its discretion in rejecting counsel's claim of law office failure. Therefore, the plaintiff failed to establish a reasonable excuse for its default.

Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was, in effect, to vacate the default. However, since dismissal of an action for a default pursuant to 22 NYCRR 202.27 does not constitute a determination on the merits, the dismissal should have been without prejudice (*see Farrell Forwarding Co., Inc. v Alison Transp., Inc.*, 119 AD3d 891, 892 [2014]; *Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership*, 73 AD3d 1123, 1123 [2010]).

The plaintiff's remaining contentions are without merit. Eng, P.J., Austin, Cohen and Barros, JJ., concur.