CitiMortgage, Inc. v Sergiadis (2020 NY Slip Op 02760)





CitiMortgage, Inc. v Sergiadis


2020 NY Slip Op 02760


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-03068
 (Index No. 20629/08)

[*1]CitiMortgage, Inc., appellant, 
v
Harriet Sergiadis, respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Gregg L. Verrilli of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 26, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate an order of the same court (Martin J. Shulman, J.) entered March 28, 2017, directing dismissal of the action, and to restore the action to the active calendar.
ORDERED that the order entered December 26, 2017, is affirmed insofar as appealed from, without costs or disbursements.
In August 2008, the plaintiff commenced this foreclosure action against the defendant Harriet Sergiadis (hereinafter the defendant) and others. The defendant failed to answer the complaint. Thereafter, the plaintiff unsuccessfully moved for an order of reference on five separate occasions. By order entered March 28, 2017 (hereinafter the order of dismissal), the Supreme Court directed dismissal of the action without prejudice, in effect, pursuant to 22 NYCRR 202.27, based on the plaintiff's failure to appear for a scheduled status conference. In August 2017, the plaintiff moved, inter alia, to vacate the order of dismissal and to restore the action to the active calendar. The court denied the plaintiff's motion on the ground that it failed to set forth a reasonable excuse for its failure to appear at the status conference. The plaintiff appeals.
In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse for the failure to appear, and a potentially meritorious cause of action (see CPLR 5015[a][1]; Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252; Murray v New York City Health & Hosps. Corp., 52 AD3d 792, 793). The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see Option One Mtge. Corp. v Rose, 164 AD3d at 1252; 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909, 909). The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005). However, "a party assert[ing] law office failure . . . must provide a detailed and credible explanation of the default as conclusory and unsubstantiated allegations of law office failure are not sufficient" (555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d at 910 [internal quotation marks omitted]; see Option One Mtge. Corp. v Rose, 164 AD3d at 1252; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). Here, the plaintiff's proffered excuse of law office failure was improperly raised for [*2]the first time in its reply papers (see Murray v New York City Health & Hosps. Corp., 52 AD3d at 794; Parkin v Ederer, 27 AD3d 633, 633). In any event, the plaintiff's vague and unsubstantiated assertion of law office failure was insufficient to demonstrate a reasonable excuse for its default (see Nationstar Mtge., LLC v Simmonds, 171 AD3d 765, 766; Option One Mtge. Corp. v Rose, 164 AD3d at 1252-1253; Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872, 872).
Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether it demonstrated a potentially meritorious cause of action (see Nationstar Mtge., LLC v Simmonds, 171 AD3d at 766; Option One Mtge. Corp. v Rose, 164 AD3d at 1253).
Accordingly, we agree with the Supreme Court's denial of those branches of the plaintiff's motion which were to vacate the order of dismissal and to restore the action to the active calendar.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court