Bank of Am., N.A. v Wood (2020 NY Slip Op 03885)





Bank of Am., N.A. v Wood


2020 NY Slip Op 03885


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-10218
 (Index No. 11853/12)

[*1]Bank of America, N.A., respondent, 
v
Ruby Wood, appellant, et al., defendants.


Beth E. Goldman, New York, NY (Edward Mostoller and Julie Anne Howe of counsel), for appellant.
Leopold & Associates, PLLC, Armonk, NY (Erin E. Wietecha of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ruby Wood appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 14, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court (R. Bruce Cozzens, Jr., J.) entered July 18, 2016, directing dismissal of the action upon the plaintiff's failure to appear for trial, to restore the action to the active calendar, for summary judgment on the complaint insofar as asserted against the defendant Ruby Wood, to strike that defendant's answer, and to appoint a referee to compute the amount due.
ORDERED that the order entered August 14, 2017, is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 5015(a)(1) to vacate the order entered July 18, 2016, to restore the action to the active calendar, for summary judgment on the complaint insofar as asserted against the defendant Ruby Wood, to strike that defendant's answer, and to appoint a referee to compute the amount due are denied.
The plaintiff commenced this action to foreclose a mortgage. On July 13, 2016, the plaintiff failed to appear for the start of the trial, which was scheduled for 9:30 a.m. that day. The Supreme Court issued an order (hereinafter the dismissal order) directing dismissal of the action, with prejudice, upon its own motion pursuant to 22 NYCRR 202.27.
In April 2017, the plaintiff moved, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the dismissal order, to restore the case to the active calendar, for summary judgment on the complaint insofar as asserted against the defendant Ruby Wood (hereinafter the defendant), to strike her answer, and to appoint a referee to compute the amount due. The Supreme Court granted the plaintiff's motion, and the defendant appeals.
"As a general rule, a plaintiff who seeks to vacate a dismissal pursuant to 22 NYCRR 202.27 based upon being unprepared to proceed with trial at a call of the calendar is required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action" [*2](Crevecoeur v Mattam, 172 AD3d 813, 814; see EMC Mtge. Corp. v Walker, 175 AD3d 1247, 1248). The determination of whether an excuse is reasonable lies within the sound discretion of the court (see Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252).
Here, the plaintiff failed to proffer a reasonable excuse for its default in appearing on the scheduled trial date. "[T]he conclusory and undetailed allegation" that, due to a recent change in counsel, "the appearance was not calendared properly," with "[n]o other evidence . . . submitted to corroborate the allegation," other than a reply affirmation by another attorney that actually contradicted it, did not constitute a reasonable excuse (OneWest Bank, FSB v Singer, 153 AD3d 714, 716). "[M]ere neglect is not a reasonable excuse" (id. at 716; see U.S. Bank, N.A. v Essaghof, 178 AD3d 876). In light of the lack of a reasonable excuse, it is unnecessary to determine whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see CPLR 5015[a][1]; EMC Mtge. Corp. v Walker, 175 AD3d at 1248).
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court