Hudson City Sav. Bank v Augustin (2021 NY Slip Op 00841)





Hudson City Sav. Bank v Augustin


2021 NY Slip Op 00841


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-03023
 (Index No. 34557/13)

[*1]Hudson City Savings Bank, appellant,
v
Frito Augustin, et al., respondents, et al., defendants.


Hinshaw & Culbertson, LLP, New York, NY (Brian S. McGrath of counsel), for appellant.
Ellen O'Hara Woods, New City, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated February 7, 2019. The order denied the plaintiff's motion, inter alia, to vacate a prior order of the same court dated March 1, 2018, directing dismissal of the action with prejudice upon the plaintiff's failure to appear at a court-ordered conference on February 9, 2018.
ORDERED that the order dated February 7, 2019, is modified, on the law, by deleting the provision thereof denying the plaintiff's motion, inter alia, to vacate the order dated March 1, 2018, and substituting therefor a provision granting the plaintiff's motion only to the extent of deleting the words "with prejudice" from the order dated March 1, 2018, and modifying the order dated March 1, 2018, accordingly; as so modified, the order dated February 7, 2019, is affirmed, without costs or disbursements.
In August 2004, Frito Augustin and Ludy Augustin (hereinafter together the defendants) borrowed $364,000 from the plaintiff's predecessor in interest. The debt was evidenced by a note and secured by a mortgage encumbering certain real property in Garnerville. In or around January 2013, the defendants defaulted on their payment obligations under the note and mortgage, and in July 2013, the plaintiff commenced this action against the defendants, among others. Issue was joined in January 2014. In an order dated March 1, 2018, the Supreme Court, in effect, pursuant to 22 NYCRR 202.27, directed dismissal of the action with prejudice due to the plaintiff's failure to appear for a status conference on February 9, 2018 (hereinafter the dismissal order).
In October 2018, the plaintiff moved to vacate the dismissal order and to restore the action to the court's active calendar. The defendants opposed the motion. In an order dated February 7, 2019, the Supreme Court denied the motion. The plaintiff appeals.
"A plaintiff seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action" (Wells Fargo Bank, N.A. v McClintock, 174 AD3d 950, 952; see CPLR 5015[a][1]; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). "The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default" (Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252), but "[c]onclusory and unsubstantiated allegations of law office failure are not sufficient" (U.S. Bank, N.A. v Essaghof, 178 AD3d 876, 878 [internal quotation marks omitted]). "[M]ere neglect is not a [*2]reasonable excuse" (id. at 878 [internal quotation marks omitted]; see Bank of Am., N.A. v Wood, 185 AD3d 768, 769; OneWest Bank, FSB v Singer, 153 AD3d 714, 716).
Here, the plaintiff, in support of its motion to vacate the dismissal order, submitted the affirmation of an associate attorney employed by the law firm representing the plaintiff. The attorney stated, upon information and belief, that although his office received notice eight days prior to the scheduled conference and "the appearance was calendared," the information "was not conveyed to the calendaring team in a manner timely enough to ensure that the appearance was placed on the firm's calendar." This vague, conclusory, and somewhat confusing explanation by someone without personal knowledge of the purported law office failure failed to set forth a reasonable excuse for the default in appearing for the scheduled conference (see Bank of Am., N.A. v Wood, 185 AD3d at 769; Deutsche Bank Natl. Trust Co. v Fishbein, 179 AD3d 769, 770; OneWest Bank, FSB v Singer, 153 AD3d at 716).
Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see CPLR 5015[a][1]; EMC Mtge. Corp. v Walker, 175 AD3d 1247, 1248).
The Supreme Court properly directed dismissal of the action, in effect, pursuant to 22 NYCRR 202.27(b). However, the court should have granted the plaintiff's motion to vacate that order only to the extent of deleting the words "with prejudice" from it. Dismissal of the complaint should have been directed without prejudice, since the dismissal of an action for a default under 22 NYCRR 202.27, as here, does not constitute a dismissal on the merits (see Farrell Forwarding Co., Inc. v Alison Transp., Inc., 119 AD3d 891, 892).
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court