Bank of Am., N.A. v Sofer (2021 NY Slip Op 01242)





Bank of Am., N.A. v Sofer


2021 NY Slip Op 01242


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-07392
 (Index No. 22464/10)

[*1]Bank of America, N.A., plaintiff, 
v
Abraham E. Sofer, respondent, et al., defendants; U.S. Bank Trust, N.A., etc., nonparty-appellant.


Day Pitney LLP, New York, NY (Alfred W. J. Marks and Michael Schoeneberger of counsel), for nonparty-appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty U.S. Bank Trust, N.A., the plaintiff's successor in interest, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 26, 2018. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated May 28, 2013, sua sponte, directing dismissal of the complaint pursuant to CPLR 3215(c) as abandoned, and to vacate a stipulation of discontinuance.
ORDERED that the order dated April 26, 2018, is affirmed, with costs.
In September 2010, the plaintiff commenced this action to foreclose a mortgage on certain residential property in Brooklyn against the defendant Abraham E. Sofer (hereinafter the defendant), among others. The defendant timely filed an answer with counterclaim. Subsequently, the Supreme Court granted the plaintiff's motion for leave to file an amended reply to the defendant's counterclaim. In June 2011, after a settlement conference, the matter was referred to the IAS Part. Following a status conference in May 2013, at which the plaintiff's attorney failed to appear, the court, in an order dated May 28, 2013, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (hereinafter the dismissal order) and vacated the notice of pendency.
In or about December 2017, the plaintiff moved pursuant to CPLR 5015(a) to vacate the dismissal order on the basis that the Supreme Court overlooked the service of the defendant's answer. In addition, the plaintiff sought to vacate a stipulation of discontinuance that Sweeney, Gallo, Reich & Bolz, LLP (hereinafter Sweeney Gallo) entered into on behalf of the plaintiff, on July 28, 2015, discontinuing the action insofar as asserted against the defendant and cancelling the notice of pendency. In moving to vacate the stipulation of discontinuance, the plaintiff argued that it was a nullity because Sweeney Gallo did not have authority to execute it on behalf of the plaintiff and because it was executed after the action had been dismissed by the court. The defendant opposed the plaintiff's motion. In an order dated April 26, 2018, the court denied the plaintiff's motion.
The Supreme Court properly denied the plaintiff's motion to vacate the dismissal order. Even though the court incorrectly relied on CPLR 3215(c) in sua sponte directing dismissal [*2]of the complaint, as the defendant had not defaulted (see US Bank N.A. v Juliano, 184 AD3d 597), it is undisputed that the plaintiff's counsel failed to appear at the May 28, 2013 status conference. Under these circumstances, dismissal of the action was warranted pursuant to 22 NYCRR 202.27(b) based on the plaintiff's failure to appear (see Johnson v Brooklyn Hosp. Ctr., 295 AD2d 567, 569). Contrary to the plaintiff's contention, construing the dismissal as having been made pursuant to 22 NYCRR 202.27(b) does not violate CPLR 5019(a).
In light of our determination, we need not consider the parties' remaining contentions.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court