U.S. Bank, N.A. v Imtiaz (2021 NY Slip Op 05887)





U.S. Bank, N.A. v Imtiaz


2021 NY Slip Op 05887


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-10391
 (Index No. 2994/10)

[*1]U.S. Bank, N.A., etc., respondent,
v
Misbah Imtiaz, appellant, et al., defendants.


Kupillas Unger & Benjamin, LLP, Great Neck, NY (Jeffrey Benjamin of counsel), for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the holder of a valid first mortgage lien on the subject property, the defendant Misbah Imtiaz appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated August 3, 2017. The order, insofar as appealed from, granted the motion of U.S. Bank, N.A., pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated September 30, 2015, granting the unopposed motion of the defendant Misbah Imtiaz to vacate a mortgage recorded against the subject property and directing that said mortgage be vacated, canceled, and discharged, and to direct the Suffolk County Clerk to reinstate and record said mortgage against the subject property.
ORDERED that the order dated August 3, 2017, is reversed insofar as appealed from, on the law, with costs, and the motion of U.S. Bank, N.A., pursuant to CPLR 5015(a)(1) to vacate the order dated September 30, 2015, and to direct the Suffolk County Clerk to reinstate and record the mortgage against the subject property is denied.
On July 31, 2006, Misbah Imtiaz (hereinafter the defendant) executed a note in the sum of $368,000 in favor of Opteum Financial Services, LLC (hereinafter Opteum). The note was secured by a mortgage on real property located in Deer Park. The defendant allegedly defaulted on her obligations under the note and mortgage by failing to make the monthly payments due on February 1, 2009, and thereafter.
On January 25, 2010, Midland Mortgage Company (hereinafter Midland) commenced this action against the defendant, among others, pursuant to Article 15 of the Real Property Actions and Proceedings Law. The complaint alleged that the original mortgage was filed incorrectly and was never recorded, that the original mortgage had been lost, and that the defendant had refused to re-execute a duplicate original mortgage for recording. Midland proffered a copy of the mortgage and sought a judgment declaring that it was the holder of a valid first mortgage lien on the premises and that the original mortgage was a lost instrument. Midland further sought an equitable first priority lien against the premises as created by the mortgage.
Thereafter, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Opteum, assigned the mortgage to U.S. Bank, N.A. (hereinafter U.S. Bank).
In or around May 2010, the defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of standing, and Midland cross-moved to substitute U.S. Bank as the plaintiff in the action. In an order dated June 23, 2011, the Supreme Court denied the defendant's motion, granted Midland's cross motion, and directed the Suffolk County Clerk "to accept and record a certified true copy of the mortgage made by defendant to plaintiff's predecessor in interest, [Opteum], against the subject premises as if same had been recorded on [the] 31st day of July 2006." A copy of the mortgage was recorded on October 13, 2011.
In a decision and order dated October 9, 2013, this Court reversed the order dated June 23, 2011, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against her for lack of standing, and denied Midland's cross motion to substitute U.S. Bank as the plaintiff in the action (see Midland Mtg. Co. v Imtiaz, 110 AD3d 773). This Court found, inter alia, that Midland had failed to establish that it, or U.S. Bank, had standing to maintain the action (see id.).
In or around May 2015, the defendant moved pursuant to CPLR 5015(d) to vacate the copy of the mortgage which had been recorded against the premises on October 13, 2011. Neither Midland nor U.S. Bank opposed the motion. In an order dated September 30, 2015, the Supreme Court granted the defendant's motion and directed the Suffolk County Clerk to "vacate, discharge and cancel the mortgage . . . against the premises recorded on October 13, 2011," thereby extinguishing the mortgage lien.
In May 2016, U.S. Bank moved pursuant to CPLR 5015(a)(1) to vacate the order dated September 30, 2015, and to direct the Suffolk County Clerk to reinstate and record the mortgage against the subject property. The defendant opposed the motion. In an order dated August 3, 2017, the Supreme Court, inter alia, granted U.S. Bank's motion. The defendant appeals.
"A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion" (Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284, 1284; see CPLR 5015[a][1]; U.S. Bank, N.A. v Essaghof, 178 AD3d 876, 877). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886; see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705). "The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default" (Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252), but "[c]onclusory and unsubstantiated allegations of law office failure are not sufficient" (U.S. Bank, N.A. v Essaghof, 178 AD3d at 878 [internal quotation marks omitted]; see Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775). "[M]ere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716 [internal quotation marks omitted]; see Bank of Am., N.A. v Wood, 185 AD3d 768, 769).
Here, U.S. Bank failed to demonstrate a reasonable excuse for its failure to oppose the defendant's motion to vacate the mortgage recorded against the subject property on October 13, 2011, as it provided only a "conclusory and undetailed" allegation of "law office confusion" (OneWest Bank, FSB v Singer, 153 AD3d at 716; see Hudson City Sav. Bank v Augustin, 191 AD3d at 775; Bank of Am., N.A. v Wood, 185 AD3d at 769). In light of the lack of a reasonable excuse for its default, it is unnecessary to determine whether U.S. Bank demonstrated the existence of a potentially meritorious opposition to the motion (see U.S. Bank, N.A. v Essaghof, 178 AD3d at 878).
The defendant's remaining contentions are not properly before this Court on the present appeal.
Accordingly, the Supreme Court should have denied U.S. Bank's motion pursuant to CPLR 5015(a)(1) to vacate the order dated September 30, 2015, and to direct the Suffolk County Clerk to reinstate and record the mortgage against the subject property.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court