HSBC Bank USA, N.A. v Hutchinson (2023 NY Slip Op 01782)

HSBC Bank USA, N.A. v Hutchinson

2023 NY Slip Op 01782

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-07310
 (Index No. 16333/12)

[*1]HSBC Bank USA, N.A., etc., respondent, 
v
Stephen Hutchinson, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jackie Halpern Weinstein of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stephen Hutchinson appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 13, 2019. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated August 2, 2018, directing dismissal of the complaint upon the plaintiff's failure to appear at a scheduled conference and to restore the action to the active calendar.
ORDERED that the order dated November 13, 2019, is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order dated August 2, 2018, and to restore the action to the active calendar is denied.
In August 2012, the plaintiff commenced this action against the defendant Stephen Hutchinson (hereinafter the defendant), among others, to foreclose a residential mortgage on real property located in Brooklyn. After the matter was released from the foreclosure settlement conference part, the plaintiff moved for summary judgment on the complaint and for an order of reference, and the motion was denied. Thereafter, the defendant filed a note of issue and a conference was scheduled in the nonjury trial readiness part on August 2, 2018. On that date, the plaintiff failed to appear for the scheduled conference. In an order dated August 2, 2018, the Supreme Court directed dismissal of the complaint, in effect, pursuant to 22 NYCRR 202.27 (hereinafter the order of dismissal). In or around August 2019, the plaintiff moved to vacate the order of dismissal and to restore the action to the active calendar, asserting law office failure for its default in appearing at the scheduled conference. The defendant opposed the motion. In an order dated November 13, 2019, the court granted the plaintiff's motion. The defendant appeals.
"A plaintiff seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action" (Wells Fargo Bank, N.A. v McClintock, 174 AD3d 950, 952; see Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775; Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d 1173, 1175). Where the claim is supported by a detailed and credible explanation of the default, the court may accept law office failure as a reasonable excuse (see CPLR 2005; Hudson City Sav. Bank v Augustin, 191 AD3d at 775; Bank of Am., N.A. v Wood, 185 AD3d 768, 769; Option [*2]One Mtge. Corp. v Rose, 164 AD3d 1251, 1252). "Conclusory and unsubstantiated allegations of law office failure are not sufficient" (U.S. Bank N.A. v Barr, 139 AD3d 937, 938; see U.S. Bank, N.A. v Essaghof, 178 AD3d 876, 878). "[M]ere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716; see Bank of Am., N.A. v Wood, 185 AD3d at 769; U.S. Bank, N.A. v Essaghof, 178 AD3d at 878).
Here, the plaintiff's allegation of law office failure was conclusory and unsubstantiated. In an affirmation in support of the motion, inter alia, to vacate the order of dismissal, the plaintiff's counsel described her office's standard practices and procedures for receiving and processing notices and orders, and posited that her office had not received notice of the scheduled conference because there were "no notes, scanned images, or calendar steps" in the files that she reviewed. The plaintiff, however, failed to provide an affidavit from anyone with personal knowledge of the purported law office failure, provide any details regarding such failure, or provide any other evidence of the system's purported breakdown that led to counsel's nonappearance at the conference (see Hudson City Sav. Bank v Augustin, 191 AD3d at 775; Bank of Am., N.A. v Wood, 185 AD3d at 769; Deutsche Bank Natl. Trust Co. v Fishbein, 179 AD3d 768, 770; OneWest Bank, FSB v Singer, 153 AD3d at 716). Moreover, the plaintiff failed to provide a reasonable excuse for its delay in moving to vacate the order of dismissal (see Option One Mtge. Corp. v Rose, 164 AD3d at 1252; Wright v City of Poughkeepsie, 136 AD3d 809, 809). Since the plaintiff failed to proffer a reasonable excuse its default, it is unnecessary to determine whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see CPLR 5015[a][1]; Hudson City Sav. Bank v Augustin, 191 AD3d at 776; Option One Mtge. Corp. v Rose, 164 AD3d at 1253).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court