DLJ Mtge. Capital, Inc. v Brewster (2025 NY Slip Op 02187)

DLJ Mtge. Capital, Inc. v Brewster

2025 NY Slip Op 02187

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-01129
 (Index No. 34/14)

[*1]DLJ Mortgage Capital, Inc., plaintiff, 
v
Garry C. Brewster, respondent, et al., defendants; Wilimington Savings Fund Society, FSB, etc., nonparty-appellant.

Aldridge Pite, LLP, Melville, NY (Christopher E. Medina of counsel), for nonparty-appellant.
Mobilization for Justice, Inc., New York, NY (Randal K. Wilhite of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the appeal is from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered November 17, 2020. The order denied the plaintiff's motion, inter alia, to vacate an order of the same court (Sally E. Unger, J.) dated December 4, 2018, confirming a report of a Judicial Hearing Officer and directing dismissal of the complaint without prejudice.
ORDERED that the order entered November 17, 2020, is affirmed, with costs.
In December 2013, the plaintiff commenced this action against, among others, the defendant Garry C. Brewster (hereinafter the defendant) to foreclose a residential mortgage encumbering certain real property located in Queens. The defendant interposed an answer. Thereafter, the plaintiff assigned the mortgage to nonparty Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A (hereinafter Wilmington).
As relevant to the appeal, a status conference order issued by the Supreme Court in August 2018 (hereinafter the August 2018 order) directed the plaintiff to appear at a "final status conference" and also to file an application seeking an order of reference by that same date. The plaintiff failed to appear for the scheduled conference or move for an order of reference. Thereafter, a Judicial Hearing Officer issued a report recommending dismissal of the complaint without prejudice. By order dated December 4, 2018 (hereinafter the December 2018 dismissal order), the court confirmed the report and directed, in effect pursuant to 22 NYCRR 202.27, dismissal of the complaint without prejudice.
In November 2019, the plaintiff moved, inter alia, to vacate the December 2018 dismissal order, asserting that its default in appearing at the scheduled conference was due to law office failure, and to amend the caption to substitute Wilmington as the named party plaintiff. The defendant opposed the motion. In an order entered November 17, 2020, the Supreme Court denied that branch of the plaintiff's motion which was to vacate the December 2018 dismissal order on the [*2]ground that the plaintiff failed to establish a reasonable excuse for its failure to appear and denied the remaining branches of the motion as academic. This appeal ensued. We affirm.
Pursuant to 22 NYCRR 202.27, the Supreme Court had the authority to direct dismissal of the complaint without prejudice based on the plaintiff's undisputed failure to attend the "final status conference" as directed in the August 2018 order (see Bank of Am., N.A. v Sofer, 192 AD3d 652, 653).
Since the Supreme Court was authorized to direct dismissal of the complaint based solely on the plaintiff's undisputed failure to appear at the "final status conference" (see 22 NYCRR 202.27), the plaintiff's contention that the court lacked authority under 22 NYCRR 202.27 to direct dismissal of the complaint based on the plaintiff's failure to timely file an order of reference as directed in the August 2018 order, albeit correct (see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 638), is unavailing.
A plaintiff seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action (see CPLR 5015[a][1]; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). "Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (GMAC Mtge., LLC v Guccione, 127 AD3d at 1138 [internal quotation marks omitted]; see CitiMortgage, Inc. v Sergiadis, 183 AD3d 693, 694). However, conclusory and unsubstantiated allegations of law office failure are not sufficient (see Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775; CitiMortgage, Inc. v Sergiadis, 183 AD3d at 694). "[M]ere neglect is not a reasonable excuse" (Hudson City Sav. Bank v Augustin, 191 AD3d at 775 [internal quotation marks omitted]).
Here, the Supreme Court properly determined that the plaintiff's allegation of law office failure was conclusory and unsubstantiated. Thus, the plaintiff failed to demonstrate that it had a reasonable excuse for its default in appearing at the final status conference (see id.; GMAC Mtge., LLC v Guccione, 127 AD3d at 1138).
"Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff demonstrated the existence of a potentially meritorious cause of action" (Hudson City Sav. Bank v Augustin, 191 AD3d at 776; see CPLR 5015[a][1]).
The plaintiff also failed to demonstrate that vacatur of the August 2018 order pursuant to CPLR 5015(a) is in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1168).
The remaining contentions either are without merit or need not be reached in light of this determination.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court