Triple E. Constr., Inc. v Green-Citi Mgt., Inc. (2025 NY Slip Op 03218)

Triple E. Constr., Inc. v Green-Citi Mgt., Inc.

2025 NY Slip Op 03218

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-07792
 (Index No. 724557/21)

[*1]Triple East Construction, Inc., appellant, 
v
Green-Citi Management, Inc., et al., respondents.

DGW Kramer LLP, New York, NY (Jacob Chen of counsel), for appellant.
Law Office of Z. Tan PLLC, Flushing, NY (Bingchen Li of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered July 27, 2023. The order granted the defendants' motion for leave to enter a default judgment against the plaintiff on their counterclaims and denied the plaintiff's cross-motion, in effect, pursuant to CPLR 5015(a)(1) to vacate its default in serving a reply to the defendants' counterclaims and, thereupon, pursuant to CPLR 3211(a) to dismiss the counterclaims.
ORDERED that the order is affirmed, with costs.
In November 2021, the plaintiff commenced this action against the defendant Green-Citi Management, Inc. (hereinafter Green-Citi), and its principal, the defendant Danny Chang, inter alia, to recover damages for breach of contract. The plaintiff alleged that Green-Citi breached two contracts entered into with the plaintiff and personally guaranteed by Chang, pursuant to which Green-Citi was to serve as a subcontractor for the construction of a mixed-use building and a hotel in Long Island City.
On January 19, 2022, the defendants interposed an answer with counterclaims to recover damages for breach of contract, unjust enrichment, promissory estoppel, breach of the implied covenant of good faith and fair dealing, and conversion, to recover in quantum meruit, and to impose a constructive trust. The defendants alleged, among other things, that the plaintiff failed to make certain payments to Green-Citi pursuant to an oral agreement the parties entered into subsequent to the execution of the two contracts. The plaintiff did not interpose a reply to the defendants' counterclaims.
In February 2023, the defendants moved for leave to enter a default judgment against the plaintiff on their counterclaims. The plaintiff cross-moved, in effect, pursuant to CPLR 5015(a)(1) to vacate its default in serving a reply to the defendants' counterclaims and, thereupon, pursuant to CPLR 3211(a) to dismiss the counterclaims. In an order entered July 27, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"In order to successfully oppose a motion for leave to enter a default judgment, a [*2]plaintiff who has failed to serve a timely reply to a defendant's counterclaims must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense" (Davis v Durand, 227 AD3d 774, 775-776; see KI 12, LLC v Joseph, 137 AD3d 750, 750). Similarly, "[i]n seeking to vacate a default in serving a reply to counterclaims, a party must establish both a reasonable excuse for its delay in replying and a potentially meritorious defense to the counterclaims" (U.S. Bank N.A. v Gordon, 202 AD3d 871, 871). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Rajaram v Singh, 230 AD3d 809, 810). "Where the claim is supported by a detailed and credible explanation of the default, the court may accept law office failure as a reasonable excuse" (HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646). However, "'[c]onclusory and unsubstantiated allegations of law office failure are not sufficient'" (id., quoting U.S. Bank N.A. v Barr, 139 AD3d 937, 938).
Here, the plaintiff's conclusory and unsubstantiated assertions of law office failure failed to establish a reasonable excuse for its default in serving a reply to the defendants' counterclaims (see Rajaram v Singh, 230 AD3d at 810-811). Since the plaintiff failed to demonstrate a reasonable excuse for its default, this Court need not consider whether the plaintiff established a potentially meritorious defense to the counterclaims (see Federal Natl. Mtge. Assn. v Vivenzio, 229 AD3d 510, 513).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted the defendants' motion for leave to enter a default judgment against the plaintiff on their counterclaims and denied the plaintiff's cross-motion, in effect, pursuant to CPLR 5015(a)(1) to vacate its default in serving a reply to the defendants' counterclaims and, thereupon, pursuant to CPLR 3211(a) to dismiss the counterclaims.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court