Chen Dongwu v New York City Regional Ctr. LLC (2026 NY Slip Op 50258(U))

[*1]

Chen Dongwu v New York City Regional Ctr. LLC

2026 NY Slip Op 50258(U)

Decided on February 2, 2026

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 2, 2026
Supreme Court, New York County

Chen Dongwu, et al., Plaintiffs,

againstNew York City Regional Center LLC, GEORGE L. OLSEN, PAUL LEVINSOHN, THE NEW YORK CITY EAST RIVER WATERFRONT DEVELOPMENT FUND, LLC, Defendants.

Index No. 652024/2017

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 019) 1525, 1526, 1527, 1528, 1530, 1531, 1532, 1533, 1534 were read on this motion to/for VACATE - DECISION/ORDER/JUDGMENT/AWARD.
This is an action commenced by 90 Chinese nationals that participated in the United States EB-5 Immigrant Investor Program. Defendant New York City Regional Center LLC (NYCRC) was responsible for raising capital (finding investors) for the program. NYCRC created defendant The New York City East River Waterfront Development Fund, LLC. The Fund was managed by defendants George Olsen and Paul Levinson. Plaintiffs allege that defendants schemed and conspired to fraudulently induce plaintiffs to each invest $500,000.00 in the program.
On February 14, 2024, this court issued an order dismissing plaintiff Lida Han's complaint pursuant to Uniform Rule 202.27 (NYSCEF doc. no. 1517). Lida Han consented to the withdrawal of his attorney in March of 2023 (NYSCEF doc. no. 414), but, despite having received due notice of two court appearances, failed, without reasonable excuse, to appear for court conferences held on August 24, 2023 and February 8, 2024. Now, in motion sequence 019, Han moves, pursuant to CPLR 5015 (a), to vacate the default judgement entered against him.
An application to set aside a judgment or order pursuant to CPLR 5015 (a) (1) may be made upon "excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party."
Here, Han submits that his default was not "willful" because "technical difficulties" prohibited him from logging into the virtual conferences. He further states that the court was unreachable by telephonic means, and Han asserts that his failure to speak with any court personnel prohibited him from advising the court of his appearance pro se (affidavit, NYSCEF doc. no. 1526). Han further alleges that he has a meritorious cause of action and affirms that a [*2]reasonable ground exists for his claim (id.).
In opposition, the defendants highlight that this court's most recent order dismissing Han's complaint is the second time Han's claims were dismissed due to his failure to appear and participate in discovery. On January 1, 2021, the Hon. O. Peter Sherwood entered an order dismissing Han's claims, along with the claims of 41 other plaintiffs (NYSCEF doc. no. 173). Justice Sherwood later reinstated the complaint after Han retained counsel (NYSCEF doc. nos. 177, 185).
Thereafter, Han admittedly did not engage in any discovery and did not coordinate with his attorney to meet his discovery obligations (NYSCEF doc. no.414). Han's second attorney withdrew his representation on March 8, 2023 (id.). Han indicated an intent, at that time, to proceed pro se, but did not register for NYSCEF, did not engage in discovery and did not appear at any discovery conferences. His failure to appear in court-mandated conferences later resulted in the second order dismissing his complaint, which is the subject of the instant motion.
According to defendants, Han has failed to offer any reasonable excuse for his failure to participate in discovery or to appear for court-mandated conferences, and should not be permitted to reinstate his claims following his intentional default of his obligations (opposition, NYSCEF doc. no. 1530).
To vacate a default for a failure to appear, a party is required to demonstrate a reasonable excuse for his default and a meritorious claim (CPLR 5015 [a] [1]). "Law office failure," or administrative error, must be supported by a detailed and credible explanation of the default (HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646 [2d Dept 2023]). Conclusory and unsubstantiated allegations of law office failure are not sufficient, and mere neglect is not a reasonable excuse (id.).
"In determining whether a reasonable excuse has been shown, a court should consider all the relevant factors, including the extent of the delay, prejudice to the opposing party, whether the default was willful, and the strong public policy in favor of resolving cases on the merits" (American Cancer Socy., Inc. v Ashby, 228 AD3d 805, 806, (2d Dept 2024) [internal quotation marks omitted]). With respect to vacating defaults, the determination of what constitutes a reasonable excuse lies within the discretion of the motion court (id.).
Here, it is this court's view that plaintiff Han has not provided a reasonable excuse for his default. His affirmation provides no process or procedure for receiving notice of his appearances or for calendaring discovery deadlines. Han provides no insight as to why his properly noticed appearances were not calendared or otherwise scheduled and does not provide any insight as to any communication breakdown with co-counsel and opposing counsel that may have led to his nonappearance. Han fails to provide any details regarding his purported inability to contact the court by phone, which is especially relevant given the special assistance that is afforded to pro se litigants by the Supreme Court of the State of New York. Han's claim of "technical difficulties," without more, is insufficient to meet his burden for an order vacating his default (HSBC Bank USA, N.A., 215 AD3d at 646 [conclusory and unsubstantiated allegations of law office failure are not sufficient, and mere neglect is not a reasonable excuse]; Gootnick v Gootnick, 241 AD3d 1292, 1293 [2d Dept 2025][defendant offered conclusory and unsubstantiated reasons for its default that do not constitute a reasonable excuse. Since the defendant failed to proffer a reasonable excuse, the court need not consider whether she demonstrated a potentially meritorious defense]).
Further, Han does not address the merits of his particular claim or identify any action, [*3]taken on his behalf as pro se, to preserve his claims or engage in discovery. Han's affidavit only states generally that he "invested $500,000 into Plaintiffs $300 million East River Waterfront Development with the impression that this project was subsidized and supported by the government, but in fact, it was not. The defendant misappropriated my funds with other investors" (NYSCEF doc. no. 1526, para. 14). Han does not identify any other facts or evidence to support his claim, and did not file any opposition to defendants' motion for summary judgment setting forth his arguments against dismissal of his complaint. To vacate a default, the party need not prove its claims definitively but must at least set forth facts sufficient to make a prima facie showing of a meritorious claim (Martinez v Urb. Renaissance Collaboration Ltd. P'ship, 227 AD3d 475, 476 [1st Dept 2024]).
Han has not set forth a reasonable excuse for his default. Given the number of plaintiffs in this action, and the voluminous discovery process undertaken to date, the court finds that defendants would be prejudiced were they compelled to re-commence discovery with respect to Han's claims and allegations two years after the note of issue was filed (NYSCEF doc. no. 436), and after summary judgment motions have been fully submitted. Although there is a strong public policy in favor of resolving cases on the merits, the court gives weight to its prior orders dismissing Han's claims for his failure to appear and to engage in discovery. Han has not demonstrated a course of conduct consistent with a litigant who intends to pursue his claims. Han's motion to vacate the default order is, therefore, denied.
DATE February 2, 2026ROBERT R. REED, J.S.C.