American Tr. Ins. Co. v Bruno Med. Supply, Inc. (2026 NY Slip Op 01332)

American Tr. Ins. Co. v Bruno Med. Supply, Inc.

2026 NY Slip Op 01332

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-03981
 (Index No. 529823/22)

[*1]American Transit Insurance Company, respondent,
vBruno Medical Supply, Inc., etc., appellant.

Roman Kravchenko, Melville, NY, for appellant.
Larkin Farrell LLC, New York, NY (William R. Larkin III and Melissa A. Marano of counsel), for respondent.

DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the defendant appeals from an order of the Supreme Court, Kings County (Sharon A. Bourne-Clarke, J.), dated November 28, 2023. The order, in effect, denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate an order and judgment (one paper) of the same court dated May 30, 2023, entered upon its failure to appear or answer the complaint, and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer.
ORDERED that the order is affirmed, with costs.
The plaintiff, a no-fault insurance carrier, commenced this action pursuant to Insurance Law § 5106(c) for a de novo adjudication of a dispute regarding its denial of the defendant's claim for no-fault insurance benefits for medical services rendered to its assignor. Prior thereto, an arbitrator had determined that the defendant was entitled to no-fault compensation in the amount of $5,454.80, plus interest and attorneys' fees. The plaintiff appealed the award to a master arbitrator, who affirmed the award.
After the defendant failed to timely appear or answer the complaint in this action, the plaintiff moved for leave to enter a default judgment. By order and judgment dated May 30, 2023, the Supreme Court, in effect, granted the plaintiff's motion and issued a default judgment.
Thereafter, the defendant moved pursuant to CPLR 5015(a)(1) to vacate the order and judgment and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer. In an order dated November 28, 2023, the Supreme Court, in effect, denied the motion. The defendant appeals.
Contrary to the plaintiff's assertion, the record does not show that the defendant's appeal is untimely, as the record does not contain proof of service of the order with notice of entry upon the defendant (see CPLR 5513[a]; Hart v New York City Hous. Auth., 161 AD3d 724, 724-725; Matter of Oliver v City of New York, 76 AD3d 1017, 1018).
"A defendant seeking to vacate a default in answering a complaint on the basis of excusable default (see CPLR 5015[a][1]) and to compel the plaintiff to accept an untimely answer [*2](see CPLR 3012[d]) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Nurhan v Harley, 237 AD3d 728, 730-731 [internal quotation marks omitted]; see Allstate Ins. Co. v North Shore Univ. Hosp., 163 AD3d 745, 746).
Here, the defendant was not entitled to relief pursuant to CPLR 5015(a)(1) and 3012(d), as it failed to demonstrate a reasonable excuse for its default. The defendant's allegations of law office failure were contradictory and conclusory and did not constitute a reasonable excuse (see Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d 812, 814; Giotis v Besser, 207 AD3d 526, 528).
In light of the defendant's failure to set forth a reasonable excuse for its default, it is not necessary to determine whether the defendant demonstrated a potentially meritorious defense to this action (see Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d at 814; HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 647).
Accordingly, the Supreme Court properly, in effect, denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate the order and judgment and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer.
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court