U.S. Bank N.A. v Diez (2020 NY Slip Op 07943)





U.S. Bank N.A. v Diez


2020 NY Slip Op 07943


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00587
 (Index No. 5656/08)

[*1]U.S. Bank National Association, etc., appellant,
v
Gildardo Diez, respondent, et al., defendants.


Aldridge Pite, LLP, Melville, NY (Douglas S. Thaler and Kenneth M. Sheehan of counsel), for appellant.
Brian McCaffrey, Attorney at Law, P.C., Jamaica, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Victor G. Grossman, J.), dated November 15, 2017. The order denied the plaintiff's motion to vacate an order of the same court dated April 20, 2017, which, sua sponte, directed dismissal of the complaint, with prejudice, upon the plaintiff's failure to appear at a scheduled status conference, and restore the action to the calendar.
ORDERED that the order dated November 15, 2017, is reversed, on the law, with costs, and the plaintiff's motion to vacate the April 20, 2017 order and restore the action to the calendar is granted.
The failure to be notified of a court appearance is fatal to the finding of a default (see Matter of 542 A Realty, LLC, 118 AD3d 993, 994). "Without such notice, [a] plaintiff's failure to appear . . . could not qualify as a failure to perform a legal duty, the very definition of a default" (Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376). Thus, where a plaintiff demonstrates that it did not receive notice of the date of a conference, the default is a nullity, and vacatur of the default is required as a matter of law and due process, with no showing required (see Notaro v Performance Team, 161 AD3d 1093, 1095).
Here, in support of its motion to vacate its default, the plaintiff submitted an affirmation from its attorney establishing that the plaintiff did not receive notice of certain scheduled court appearances. In opposition, the defendant did not offer any evidence that the plaintiff received notice of the scheduled appearances. Therefore, the plaintiff's default was a nullity, and vacatur of the April 20, 2017 order directing dismissal of the complaint based upon that default is required (see Sposito v Cutting, 165 AD3d 863, 865). Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate that order and restore the action to the calendar.
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court