J.P. Morgan Mtge. Acquisition Corp. v Daniel (2021 NY Slip Op 00158)





J.P. Morgan Mtge. Acquisition Corp. v Daniel


2021 NY Slip Op 00158


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-13050
 (Index No. 12930/09)

[*1]J.P. Morgan Mortgage Acquisition Corp., respondent,
v
Brenth Daniel, appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brenth Daniel appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 27, 2017. The order granted the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court (Peter P. Sweeney, J.) dated July 26, 2016, directing dismissal of the complaint.
ORDERED that the order dated September 27, 2017, is affirmed, with costs.
In May 2009, the plaintiff commenced this foreclosure action against the defendant Brenth Daniel (hereinafter the defendant), among others, to foreclose a mortgage encumbering property located in Brooklyn. The defendant was served with the summons and complaint but failed to interpose an answer.
During the course of litigation over whether a default judgment should be entered against the defendant, neither the plaintiff nor the defendant appeared at a status conference on July 26, 2016, and the Supreme Court issued an order directing dismissal of the complaint without prejudice based on the plaintiff's failure to appear at that status conference. Unaware of that order, in September 2016, the plaintiff moved for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved to dismiss the complaint pursuant to CPLR 3215(c), or, in the alternative, to dismiss the complaint based upon the order dated July 26, 2016.
In an order dated June 21, 2017, the Supreme Court denied the plaintiff's motion based upon the order dated July 26, 2016, which had not been vacated. The plaintiff then moved pursuant to CPLR 5015(a) to vacate the order dated July 26, 2016, claiming it had no prior notice of the status conference. The defendant opposed, contending that the affirmation of the plaintiff's attorney was conclusory and unsubstantiated since no information was submitted from the law firm which represented the plaintiff at the time of the status conference. The plaintiff, in reply, submitted an affidavit from the settlement conference coordinator of its prior law firm, stating that he did not receive notice of the status conference, and therefore could not enter it into the firm's appearance calendar. In an order dated September 27, 2017, the court granted the plaintiff's motion, based upon the evidence submitted, noting that neither party had attended the status conference. The defendant appeals.
The Supreme Court determined that the plaintiff met its burden in establishing grounds to vacate the order dated July 26, 2016, by submitting evidence that the plaintiff did not receive notice of the status conference, and, in fact, neither party appeared at the conference. The defendant failed to submit evidence to refute that showing. In the absence of notice of the status conference, the plaintiff could not have been in default, and the order dated July 26, 2016, was properly vacated (see Notaro v Performance Team, 161 AD3d 1093, 1095; Matter of 542 A Realty, LLC, 118 AD3d 993, 994; Bonik v Tarrabocchia, 78 AD3d 630, 632).
The defendant's remaining contentions are without merit or not properly before this Court.
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court