Deutsche Bank Natl. Trust Co. v Velazquez (2023 NY Slip Op 00842)

Deutsche Bank Natl. Trust Co. v Velazquez

2023 NY Slip Op 00842

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-02232
 (Index No. 25413/06)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Jorge Velazquez, et al., defendants; Point Holding Alpha, LLC., nonparty-respondent.

McCarter & English, LLP, New York, NY (Adam M. Swanson and Jessie D. Bonaros of counsel), for appellant.
Warner & Scheuerman, New York, NY (Karl E. Scheuerman and Jonathon D. Warner of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 5, 2019. The order denied the plaintiff's motion to vacate an order of the same court (Herbert Kramer, J.) dated June 25, 2012, sua sponte, directing dismissal of the complaint, in effect, pursuant to 22 NYCRR 202.27(c), and to restore the action to the calendar, and granted the cross-motion of nonparty Point Holding Alpha, LLC, for leave to intervene in the action.
ORDERED that the order dated December 5, 2019, is affirmed, with costs.
In 2006, the plaintiff commenced this action against the defendant Jorge Velazquez, among others, to foreclose a mortgage on certain real property in Brooklyn. Subsequently, Velazquez conveyed the subject property to Point Holding Alpha, LLC (hereinafter Point Holding). When the parties failed to appear at two successively scheduled status conferences, by order dated June 25, 2012, the Supreme Court, sua sponte, directed dismissal of the complaint, in effect, pursuant to 22 NYCRR 202.27(c).
In April 2019, the plaintiff moved pursuant to CPLR 5015(a) to vacate the order directing dismissal of the complaint, and to restore the action to the calendar. Point Holding opposed the motion and cross-moved for leave to intervene in the action. By order dated December 5, 2019, the Supreme Court granted Point Holding's cross-motion for leave to intervene, and denied the plaintiff's motion as untimely. The plaintiff appeals.
A court may relieve a party from an order on the basis of "excusable default, if such motion is made within one year after service of a copy of the . . . order with written notice of its entry upon the moving party" (id. § 5015[a][1]). "[R]elief from a default pursuant to CPLR 5015(a)(1) is proper only where the party seeking relief demonstrates a reasonable excuse for the default and a potentially meritorious defense" (Torres v Rely On Us, Inc., 165 AD3d 731, 732). Under the circumstances of this case, where the order directing dismissal of the complaint was issued in June 2012, and the plaintiff waited nearly seven years to move to vacate that order, with no explanation [*2]for the delay, the Supreme Court's determination denying the motion as untimely should not be disturbed (see Federal Natl. Mtge. Assn. v Mack, 188 AD3d 655, 656; Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1253).
The Supreme Court properly granted Point Holding's cross-motion for leave to intervene in the action (see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 785).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court