U.S. Bank N.A. v Roberts (2023 NY Slip Op 02701)

U.S. Bank N.A. v Roberts

2023 NY Slip Op 02701

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-09203
 (Index No. 709319/14)

[*1]U.S. Bank N.A., etc., respondent, 
v
Joseph Roberts, et al., appellants, et al., defendants.

Charles Wallshein Esq. PLLC, Melville, NY, for appellants.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Roberts, Delores Brunsen, and Phillip G. Copeland appeal from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), dated May 7, 2020. The order, insofar as appealed from, granted the plaintiff's motion, in effect, to vacate an order of the same court dated June 17, 2019, directing dismissal of the action pursuant to 22 NYCRR 202.27(b), upon the plaintiff's default in appearing for a status conference, and an order of the same court also dated June 17, 2019, directing dismissal of the action pursuant to 22 NYCRR 202.27(b), upon the plaintiff's default in appearing for a status conference, and for neglect in prosecuting the action, and to restore the matter to the court's calendar.
ORDERED that the order dated May 7, 2020, is affirmed insofar as appealed from, with costs.
On December 5, 2014, the plaintiff commenced this action against the defendants Joseph Roberts, Delores Brunsen, and Phillip G. Copeland (hereinafter collectively the defendants), among others, to foreclose a mortgage on certain residential property in Rosedale. Brunsen and Copeland interposed a pro se answer in which they asserted various affirmative defenses and counterclaims. Roberts failed to answer the complaint.
In December 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Copeland and Brunsen, to dismiss their affirmative defenses and counterclaims, for leave to enter a default judgment against Roberts, and for an order of reference. Roberts and Brunsen opposed the motion, arguing, among other things, that the plaintiff failed to prove its compliance with RPAPL 1304. In a decision dated October 20, 2016, the Supreme Court found that the motion should be granted and directed the plaintiff to "[s]ettle order."
On November 17, 2016, the plaintiff filed a notice of settlement and proposed order. According to its counsel, the plaintiff was advised in April 2018 that the Supreme Court had not received a hard copy of the notice. On May 8, 2018, the plaintiff re-filed the notice of settlement, along with an affirmation of lateness. In March 2019, the plaintiff sent a copy of the notice of settlement to the assigned Justice.
In a short form order dated June 17, 2019, the Supreme Court directed dismissal of the action after the plaintiff failed to appear for a status conference scheduled for that day. Additionally, in a "Status Conference Order" also dated June 17, 2019, the Supreme Court directed dismissal of the action for the plaintiff's failure to appear at the status conference that day, as well as for failure to "tak[e] any action since 2016 in moving this case forward."
In September 2019, the plaintiff moved, in effect, to vacate the orders dated June 17, 2019 (hereinafter together the dismissal orders), and to restore the matter to the calendar. The defendants opposed the motion. In an order dated May 7, 2020, the Supreme Court granted the motion but, sua sponte, tolled interest on the mortgage loan from October 28, 2016, to May 7, 2020, based on the plaintiff's delay in settling an order granting its summary judgment motion. The defendants appeal.
Pursuant to 22 NYCRR 202.27(b) and (c), upon a party's failure to appear at any scheduled call of a calendar or at any conference, the court may note the default on the record, and, where the defendant appears but the plaintiff does not, dismiss the action, or, if no party appears, the court may make such order as appears just.
Generally, in order to vacate a default in appearing at a scheduled conference, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense to the action (see Davis v 574 Lafa Corp., 206 AD3d 613, 614-615; 126 Henry St., Inc. v Cater, 197 AD3d 598, 600). However, in the absence of actual notice of a conference date, a party could not have been in default for failing to appear at that conference (see J.P. Morgan Mtge. Acquisition Corp. v Daniel, 190 AD3d 707, 709; Notaro v Performance Team, 161 AD3d 1093, 1095). In that situation, the party's default is considered a nullity and vacatur of the default is "required as a matter of law and due process, and no showing of a potentially meritorious [cause of action or] defense is required" (Bonik v Tarrabocchia, 78 AD3d 630, 632; see J.P. Morgan Mtge. Acquisition Corp. v Daniel, 190 AD3d at 709; Notaro v Performance Team, 161 AD3d at 1095).
Here, in support of its motion to vacate the dismissal orders, the plaintiff submitted an affirmation of its attorney, in which the attorney asserted that the plaintiff's counsel did not receive notice of the status conference. In opposition, the defendants did not challenge that assertion or offer any evidence that the plaintiff's counsel received notice of the status conference. Therefore, the Supreme Court properly vacated the plaintiff's default as a nullity, and no showing of a potentially meritorious cause of action was required (see U.S. Bank N.A. v Diez, 189 AD3d 1510, 1511; Matter of 542 A Realty, LLC, 118 AD3d 993, 994; Pavlou v Associates Food Stores, Inc., 96 AD3d 919, 920).
Contrary to the defendants' contention, the dismissal of the action was not properly based upon neglect to prosecute (see Deutsche Bank Trust Co. Ams. v Gonzales, _____ AD3d_____, 2023 NY Slip Op 01778 [2d Dept]).
The defendants' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the plaintiff's motion to vacate the dismissal orders and to restore the action to the court's calendar.
The plaintiff's contention that this Court should vacate so much of the order dated May 7, 2020, as directed that the accrual of interest on the mortgage loan be tolled from October 28, 2016, to May 7, 2020, is not properly before this Court (see Greco v Greco, 214 AD3d 959, 960; Prand Corp. v Gardiner, 176 AD3d 1127, 1130).
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court