Beneficial Homeowner Serv. Corp. v Horan (2024 NY Slip Op 04449)

Beneficial Homeowner Serv. Corp. v Horan

2024 NY Slip Op 04449

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-04817
 (Index No. 800086/22)

[*1]Beneficial Homeowner Service Corporation, appellant, 
v
Raymond M. Horan, et al., respondents, et al., defendants.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for appellant.
Legal Services of the Hudson Valley, Peekskill, NY (Jared L. Gilman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to foreclose mortgages, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated May 23, 2022. The order denied the plaintiff's motion to vacate an order of the same court (Francis A. Nicolai, J.) dated January 27, 2012, directing dismissal of the complaint, in effect, pursuant to 22 NYCRR 202.27(b), upon the plaintiff's failure to appear at a scheduled conference.
ORDERED that the order dated May 23, 2022, is affirmed, with costs.
In December 2009, the plaintiff commenced this action against the defendants Raymond M. Horan and Beth Horan (hereinafter together the defendants), among others, inter alia, to foreclose mortgages on certain residential property located in Putnam County. In an order dated January 27, 2012, the Supreme Court directed dismissal of the complaint, in effect, pursuant to 22 NYCRR 202.27(b), due to the plaintiff's failure to appear for a conference scheduled for January 25, 2012 (hereinafter the order of dismissal).
More than 10 years later, in or around March 2022, the plaintiff moved to vacate the order of dismissal. By order dated May 23, 2022, the Supreme Court denied the motion. The plaintiff appeals.
Pursuant to 22 NYCRR 202.27(b), as relevant here, if all parties do not appear and proceed at any scheduled call of a calendar or at any conference, the court may note the default on the record, and, where the defendant appears but the plaintiff does not, dismiss the action (see U.S. Bank N.A. v Roberts, 216 AD3d 1038, 1040).
Generally, in order to vacate a default in appearing at a scheduled conference, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense to the action (see id.; Davis v 574 Lafa Corp., 206 AD3d 613, 614-615). However, in the absence of actual notice of a conference date, a party could not have been in default for failing to appear at that conference (see U.S. Bank N.A. v Roberts, 216 AD3d at 1040; J.P. Morgan Mtge. Acquisition Corp. v Daniel, 190 AD3d 707, 709). "In that situation, the party's [*2]default is considered a nullity and vacatur of the default is required as a matter of law and due process, and no showing of a potentially meritorious cause of action or defense is required" (U.S. Bank N.A. v Roberts, 216 AD3d at 1040 [brackets and internal quotation marks omitted]; see Notaro v Performance Team, 161 AD3d 1093, 1095).
Here, in support of its motion to vacate the order of dismissal, the plaintiff submitted an affirmation of its attorney, who did not have personal knowledge as to whether notice of the conference was received (cf. U.S. Bank N.A. v Roberts, 216 AD3d at 1040). Therefore, the plaintiff did not establish that it did not have actual notice of the conference date. Further, in opposition, the defendants submitted a November 22, 2011 letter notifying the plaintiff of the January 25, 2012 conference date.
For similar reasons, the plaintiff's contention that it demonstrated a reasonable excuse for its default is also without merit. Where the claim is supported by a detailed and credible explanation of the default, the court may accept law office failure as a reasonable excuse (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646; Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775). Conclusory and unsubstantiated allegations of law office failure are not sufficient (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d at 646; Hudson City Sav. Bank v Augustin, 191 AD3d at 775). Mere neglect is not a reasonable excuse (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d at 646; Hudson City Sav. Bank v Augustin, 191 AD3d at 775). Here, the plaintiff's allegation of law office failure was conclusory and unsubstantiated. The attorney affirmation failed to provided any details as to the particular law office failure in this case that purportedly led to nonappearance at the conference (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d at 646-647; Deutsche Bank Natl. Trust Co. v Fishbein, 179 AD3d 768, 770). Moreover, the plaintiff failed to provide a reasonable excuse for its delay of more than 10 years in moving to vacate the order of dismissal (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d at 646-647; Deutsche Bank Natl. Trust Co. v Velazquez, 213 AD3d 807, 808).
Since the plaintiff failed to proffer a reasonable excuse for its default, it is unnecessary to determine whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see CPLR 5015[a][1]; HSBC Bank USA, N.A. v Hutchinson, 215 AD3d at 647; Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1253).
Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the order of dismissal.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court