Bank of N.Y. Mellon v Ortiz (2025 NY Slip Op 02752)

Bank of N.Y. Mellon v Ortiz

2025 NY Slip Op 02752

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-09944
 (Index No. 21849/09)

[*1]Bank of New York Mellon, etc., appellant,
v
Carlos Ortiz, et al., respondents, et al., defendants.

McCabe, Weisberg & Conway, LLC, Melville, NY (Jamie C. Krapf of counsel), for appellant.
Charles Wallshein, Melville, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated October 7, 2022. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court (R. Bruce Cozzens, Jr., J.) dated October 14, 2020, directing dismissal of the action pursuant to 22 NYCRR 202.27(b), upon the plaintiff's failure to appear at a hearing to determine the validity of service of process, and to restore the matter to the court's calendar.
ORDERED that the order dated October 7, 2022, is affirmed, with costs.
In 2009, the plaintiff commenced this action against the defendants Carlos Ortiz and Olga Ortiz (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain real property located in Hicksville. The defendants failed to appear or answer the complaint. The Supreme Court issued an order of reference and subsequently entered a judgment of foreclosure and sale upon their default in answering or appearing in the action.
Thereafter, Olga Ortiz (hereinafter Olga) moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her, on the ground that she was not properly served with process (see Bank of N.Y. Mellon v Ortiz, 174 AD3d 489, 489). In an order entered April 26, 2017 (hereinafter the April 2017 order), the Supreme Court denied those branches of Olga's motion. On appeal, this Court reversed the April 2017 order, insofar as appealed from, and remitted the matter for a hearing to determine whether Olga was properly served with process, and for a new determination thereafter of those branches of her motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her (see Bank of N.Y. Mellon v Ortiz, 174 AD3d at 489).
On October 14, 2020, the plaintiff failed to appear for the scheduled hearing. By order dated October 14, 2020, the Supreme Court directed dismissal of the action pursuant to 22 NYCRR 202.27(b) upon the plaintiff's failure to appear at the hearing (hereinafter the dismissal order). In February 2021, the plaintiff moved pursuant to CPLR 5015(a) to vacate the dismissal [*2]order and to restore the action to the court's calendar. The court denied the motion. The plaintiff appeals.
Pursuant to 22 NYCRR 202.27(b), upon a party's failure to appear at any scheduled call of a calendar or at any conference or hearing, the court may note the default on the record, and, where the defendant appears but the plaintiff does not, dismiss the action (see U.S. Bank N.A. v Roberts, 216 AD3d 1038, 1040).
Generally, in order to vacate a default in appearing at a scheduled conference or hearing, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense to the action (see id.; Davis v 574 Lafa Corp., 206 AD3d 613, 614-615). However, in the absence of actual notice of a conference or hearing date, a party could not have been in default for failing to appear at that conference or hearing (see J.P. Morgan Mtge. Acquisition Corp. v Daniel, 190 AD3d 707, 709; Notaro v Performance Team, 161 AD3d 1093, 1095). In that situation, the party's default is considered a nullity, and vacatur of the default is "required as a matter of law and due process, and no showing of a potentially meritorious [cause of action or] defense is required" (Bonik v Tarrabocchia, 78 AD3d 630, 632; see J.P. Morgan Mtge. Acquisition Corp. v Daniel, 190 AD3d at 709; Notaro v Performance Team, 161 AD3d at 1095).
Here, the plaintiff submitted, among other things, a printout of the eCourts docket for this matter, which showed, inter alia, that a hearing scheduled for March 23, 2020, was marked "adjourned," and a hearing scheduled for May 11, 2020, was marked "adjourned." The plaintiff also submitted an affidavit of an employee of McCabe, Weisberg & Conway, LLC (hereinafter McCabe), in which that employee averred, among other things, that McCabe began representing the plaintiff on August 24, 2020, and that McCabe was not served with notice of the hearing scheduled for October 14, 2020. However, these submissions failed to establish that the plaintiff's prior counsel did not receive notice of the hearing scheduled for October 14, 2020, at any time prior to August 24, 2020. Therefore, under the circumstances of this case, the plaintiff did not establish that it did not have actual notice of the hearing scheduled for October 14, 2020 (see Beneficial Homeowner Serv. Corp. v Horan, 230 AD3d 1210, 1211).
For similar reasons, the plaintiff's contention that it demonstrated a reasonable excuse for its default based upon its purported lack of notice of the hearing scheduled for October 14, 2020, is also without merit (see id.). As the plaintiff failed to proffer a reasonable excuse for its default, it is unnecessary to determine whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see CPLR 5015[a][1]; Beneficial Homeowner Serv. Corp. v Horan, 230 AD3d at 1212; HSBC Bank USA, N.A. v. Hutchinson, 215 AD3d 645, 647).
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate the dismissal order and to restore the matter to the court's calendar.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court